UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Grace F. Aderinto, | ) | C/A No. 3:08-1940-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Treasury Inspector General for Tax Administration; Ms. Cindy McIntyre (Tax Assistance) IRS; Ms. Barbosa (Tax Payer Advocate) IRS; Ms. Jones (Tax Payer Advocate) IRS;  All South Federal Credit Unions Collection and AutoLoan Department, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Grace F. Aderinto ("Plaintiff") files this civil action *pro se* and pursuant to 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the provisions of § 1915, and in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even when considered under this less stringent standard, however, the undersigned concludes after a review of the *pro se* complaint that it is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).



BACKGROUND

The complaint states that "[t]his is a new lawsuit brought by a homeless individual against the Treasury Inspector General for Tax Administration, the Tax Payer Advocate Office Division of the IRS (Columbia, South Carolina), the Tax Assistance Office Division of the IRS (Columbia, South Carolina), and All South Federal Credit Union (Columbia, South Carolina)." [Docket #1 at 4].[1] Plaintiff appears, similar to her suit in *Aderinto v. Tax Payer Advocate*, No. 3:08-01551-JFA (D.S.C. 2008), to be attempting to bring a lawsuit relating to her federal tax returns. The complaint states that plaintiff has been "subjected to 'human-taxation' system according to Babylonian standards, as practiced by the Federal Reserve, whose agency of collection is the IRS." [Docket #1 at 4]. Another reference to the IRS states "[b]ased on the memorandum of the Federal Reserve's invisible financial system and how it relates to Babylonian exactions, the IRS also being its collection agency, the plaintiff's amended tax refund was treated as 'property' in order to continue and make possible the repossession of her vehicle, by All South Federal Credit Union." [Docket #1 at 7].

The caption of the complaint names Cindy McIntyre, Tax Assistance IRS; a "Ms. Barbosa," Tax Payer Advocate, IRS; and a "Ms. Jones", Tax Payer Advocate, IRS, as defendants. As to these defendants, the complaint states that on March 28, 2008, plaintiff "visited the Tax Assistance (IRS) Office" in Columbia to "amend her taxes" and was "turned down because she was 'not priority.' Ms. Cindy McIntyre, however promised possibility of a manual check on the 5th of April 2008." [Docket #1 at 9]. On April 5, 2008, plaintiff apparently returned and received

---

[1] The page numbering on the complaint is not sequential, so page number references are to the docket entry page number at the top of the complaint as it appears on the docket.



assistance in preparing her taxes. On April 7, 2008, plaintiff visited the Tax Payer Advocate's Office (IRS) in Columbia to "request a 911, Emergency Process" and "Ms. Barbosa prepared the 911 form and told the plaintiff to return in two weeks." [Docket #1 at 9]. Plaintiff "found out from the IRS website that she needed to call back within a week if she had not heard back concerning a 911 emergency preparation. Ms. Barbosa had said two weeks." Plaintiff then "called the toll free number for this service (911 process)" and "a Ms. Jones was now assigned as case manager." [Docket #1 at 10]. The complaint then makes reference to plaintiff's prior lawsuit, *Aderinto v. Tax Payer Advocate*, No. 3:08-01551-JFA (D.S.C. 2008), and plaintiff states "[a]n initial lawsuit was brought to this court on Ms. Jones and Ms. Barbosa and amended for a second complaint when Ms. McIntyre and the Treasury Inspector General for Tax Administration were added as defendants." The complaint goes on to state "[t]he reason for the second complaint was due to attempts on the IRS website to hide their regulations as evidence, in conspiracy with the IRS offices in Strom Thurmond Building." [Docket #1 at 10].

A final reference to taxes in the complaint states that "once again, the aforementioned reasons are to tax the plaintiff in order to repossess the car, and deliver her to their collection agency (Babylonian subsoil kingdom); which IRS is a cover for. All South Federal Credit Union has also joined in this 'collection' activity." [Docket #1 at 12]. In the complaint under "Relief," the plaintiff makes several "demands" that are unrelated to the defendants[2], and also seeks monetary damages against the Treasury Inspector General for Tax Administration, the "Customer Service Department (IRS) handling 911 forms," and the "Taxpayer Advocate (IRS) and Tax Assistance (IRS)." [Docket

---

[2] The complaint contains many assertions that appear to be completely unrelated to the defendants in this case.

3



# 1 at 15].

## DISCUSSION

As explained in the Report and Recommendation issued in plaintiff's prior case, *Aderinto v. Tax Payer Advocate*, No. 3:08-01551-JFA (D.S.C. 2008), against Tax Payer Advocate (IRS), and Tax Assistance Service (Internal Revenue Service), federal courts are courts of limited jurisdiction, with the United States being itself immune from suit absent its express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Testan*, 424 U.S. 392, 400 (1976) ("In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity."). The bar of sovereign immunity cannot be avoided by plaintiff naming officers or employees as defendants, *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); nor can it be avoided by the filing of a suit against a federal agency or a federal department, such as the Internal Revenue Service. *See Campbell v. United States*, 496 F. Supp. 36, 37-38 & n. * (E.D. Tenn. 1980).

While the Federal Tort Claims Act ("FTCA") does provide a limited remedy against the United States and waives the sovereign immunity of the United States for specified claims, a suit under the FTCA must be brought against the United States, with a federal district court lacking subject-matter jurisdiction over claims asserted under the FTCA against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975). Plaintiff has failed to name the United States as the party defendant in this case. Further, a plaintiff bringing a claim pursuant to the FTCA must strictly comply with the requirements of that Act. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979). Specifically, an administrative claim must first be filed with the appropriate federal



agency before commencement of a civil action in a district court, which must be submitted in writing within two (2) years after the claim accrues. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 240(b)(a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."). To the extent plaintiff's claim can be construed as having been brought under the FTCA, her complaint does not allege that plaintiff has completed the required administrative process prior to bringing suit under the FTCA in this case.³ Thus, if this case is construed as an action under the FTCA, the complaint fails to establish federal jurisdiction.

Since plaintiff has named individuals as party defendants, she is perhaps instead seeking to pursue her claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which permits lawsuits against individual federal officials for money damages arising from constitutional violations. However, a suit against a government official in their *official* capacity is actually a suit against the government, so the individually named defendants have sovereign immunity from suit in their official capacity. *Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain . . . or if the effect of the judgment would be 'to restrain the Government from acting, or compel it to act.'"). To the extent plaintiff is attempting to bring suit against the individually named defendants in their *individual* capacity pursuant to *Bivens*, plaintiff's lawsuit is subject to dismissal because she may not sue individual IRS employees or officials under *Bivens* due to the various

---

³"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"

5



statutory remedies otherwise available to a taxpayer. *Al-Sharif v. Bradley*, 2008 WL 410364 (S.D.Ga. Feb. 12, 2008)[4] (collecting cases: The Court agrees with those courts which have held that relief against an IRS employee pursuant to *Bivens* is foreclosed based upon the meaningful and adequate statutory remedies provided by Congress."); *see Schweiker v. Chilicky*, 487 U.S. 412, 420-23 (1988) (restrictions on *Bivens* actions discussed). In any event, the complaint also fails because plaintiff does not allege any constitutional violation by the individual defendants. Thus, the factual allegations against the individually named defendants are insufficient to state a *Bivens* claim, even if a *Bivens* action was otherwise extended to include suits by taxpayers against IRS employees.

Finally, plaintiff also has named the All South Federal Credit Union (Columbia, South Carolina) ("All South") as a defendant in this case, with the allegations in the complaint against All South appearing to relate to the attempted repossession of plaintiff's automobile. However, the complaint fails to state a claim on which relief may be granted against this defendant. In *Erickson v. Pardus*, _U.S._, 127 S. Ct. 2197, 2200 (2007), the Supreme Court held that:

> Federal Rule of Civil Procedure 8(a)(2) requires...a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Nevertheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, _U.S._, 127 S.Ct. 1955, 1974 (2007), *Twombley* further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and [that] a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. Here, plaintiff's complaint fails to state facts that indicate what

---

[4] In *Al-Sharif v. Bradley*, 2008 WL 410364 at * 2 n. 2 (S.D.Ga. Feb. 12, 2008), the Court provides an extensive list of various statutes under which aggrieved taxpayers may sue.



claim plaintiff is bringing against All South, and also fails to identify, and liberal construction of the facts fails to reveal, a federal statute or a constitutional right that has been violated which could entitle plaintiff to a remedy in this Court.

In sum, because this lawsuit is substantially similar to plaintiff's prior case, *Aderinto v. Tax Payer Advocate*, No. 3:08-01551-JFA (D.S.C. 2008), against Tax Payer Advocate (IRS), and Tax Assistance Service (Internal Revenue Service), which has been recommended for dismissal, this current case should be dismissed. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."].

## RECOMMENDATION

Accordingly, it is recommended that the Court summarily dismiss the complaint in this case without prejudice and without issuance and service of process. 28 U.S.C. § 1915(e)(2)(B)(i) [frivolous or malicious] and (ii) [fails to state a claim on which relief may be granted].

Bristow Marchant
United States Magistrate Judge

May 29, 2008
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

